```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                      NORTHERN DIVISION
```

TRESA M. RICHARDSON,            )
                                )
            Plaintiff,          )
                                )
      v.                        )       No. 2:07 CV 17 DDN
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social Security,)
                                )
            Defendant.          )

## MEMORANDUM AND ORDER

This action is before the court on the motion of the defendant Commissioner of Social Security pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the court's order dated October 20, 2008 awarding plaintiff's counsel attorneys fees. For the reasons set forth below, the defendant's motion is denied.

## I. BACKGROUND

On August 22, 2008, this court ordered that the final decision of the Commissioner be reversed and remanded for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 19.) On October 20, 2008, this court granted plaintiff's motion for attorney's fees, awarding $2,947.50 in attorneys fees, representing 13.1 hours at $225.00 per hour. (Doc. 23) In the order, and with the consent of defendant (Doc. 21), the court directed that the fees be paid directly to plaintiff's counsel.

Defendant now moves to alter or amend the October 20 order pursuant to Federal Rule of Civil Procedure 59(e), asking the court to enter an award directing payment to plaintiff, or in the alternative, that the court hold this case in abeyance pending the Eighth Circuit's ruling on an en banc petition in Ratliff v. Astrue, 540 F.3d 800 (8th Cir. 2008) (holding that attorneys fees awarded under the Equal Access to Justice Act (EAJA) are awarded to prevailing parties' attorneys, rather than the parties themselves). Defendant also moves to eliminate the enhancement

of counsel's hourly fee based on the special factor provision of the EAJA.

Plaintiff responds to the motion, noting that in its September 18, 2008 brief, defendant agreed to payment of the fees directly to plaintiff's attorney. (Doc. 25.) As to the enhancement of counsel's fee, plaintiff argues this issue was previously raised by defendant and rejected by the court in the October 20 order.

Defendant did not file a reply.

## II. DISCUSSION

This court has broad discretion in deciding whether to grant a motion under Rule 59(e). Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) was adopted to clarify that "the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment." White v. New Hampshire Dep't of Employment Sec., 455 U.S. 445, 450 (1982). Rule 59(e) motions seek a substantive change in a judgment. BBCA, Inc. v. United States, 954 F.2d 1429, 1432 (8th Cir. 1992). "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative, 141 F.3d at 1286. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. United States v. Metropolitan St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006). Thus, arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion. Peters v. General Service Bureau, Inc., 277 F.3d 1051, 1057 (8th Cir. 2002).

Defendant's arguments do not provide grounds for relief from this court's order. Defendant has failed to establish a manifest error of law or fact, the discovery of new evidence, or an intervening change in the law. Defendant consented to the direct payment of fees to plaintiff's counsel. As to plaintiff's counsel's hourly rate, this issue was previously addressed by the court when it concluded in its October 20, 2008 order that counsel's hourly rate of $225.00 was reasonable.

For the above reasons, the court concludes in its discretion that defendant's motion to alter or amend the October 20, 2008 order should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to alter or amend the court's order dated October 20, 2008 (Doc. 24) is denied.

/S/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on February 27, 2009.